Not For Publication

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

GINN DOOSE,

        Plaintiff,

   v.

WAL-MART STORES, INC.,

        Defendant.

_____/

No. 1:11-CV-01882 NJV

**ORDER REMANDING CASE TO LAKE COUNTY SUPERIOR COURT**

Plaintiff Ginn Doose originally filed this action in Lake County Superior Court and subsequently improperly removed her own case to this Court pursuant to 28 U.S.C. § 1446. Defendant Wal-Mart Stores, Inc. did not move to remand the case on this or any other ground, but moved to dismiss the case pursuant to Federal Rule of Civil Procedure 12(b)(6). Doc. No. 20. The Court ordered the parties to submit further briefing regarding the Court's jurisdiction to decide this matter in light of the improper removal. Doc. No. 30. Defendant argues that it would have removed the case to this Court if Plaintiff had not done so, and that the Court has jurisdiction over the action because Plaintiff attempts to plead claims under federal law. *See* Doc. No. 31. Plaintiff similarly argues that this Court has subject matter jurisdiction over her federal claims. *See* Doc. No. 34. The Court held a hearing on January 24, 2012, and as stated during the hearing, remands this case to Superior Court.

    Regardless of the existence of subject matter and personal jurisdiction, a federal court lacks jurisdiction to hear a case that was improperly removed by a plaintiff. The general removal statutes

vest the right to remove a case exclusively in the defendant (28 U.S.C. §§ 1441(a), 1446(a)), and these statutes must be *strictly* construed (*Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)). *See generally* 16 James Wm. Moore *et al.*, *Moore's Federal Practice - Civil* § 107.11[2] (2011) ("The removal jurisdiction of federal courts is entirely a creature of statute and is strictly construed. The general removal statute does not permit plaintiffs to remove an action that they filed in state court. Thus, a plaintiff who elected state court jurisdiction when filing the complaint may not subsequently remove the action to federal court") (internal citations and footnotes omitted). The removal by Plaintiff is not a procedural error that can be waived by the parties, but a substantive jurisdictional defect. *See In re Walker*, 375 F.2d 678 (9th Cir. 1967) ("[N]o right exists in favor of a person who, as plaintiff, has filed an action in the state court to cause the removal of such action to a federal court"); *Okot v. Callahan*, 788 F.2d 631, 633 (9th Cir. 1986) ("Removal is available only to defendants"); *Desouza v. Albin*, 1993 U.S. Dist. LEXIS 15267 (N.D. Cal. Oct. 12, 1993) (dismissing removal notice and remanding to state court because plaintiff failed to meet statutory requirements for removal as he was not a defendant in state action).

Plaintiff may choose to re-file her case in federal court. If she chooses to pursue her case in state court, Defendant may remove the matter. The Clerk is directed to terminate Docket Nos. 3 (IFP application) and 20 (motion to dismiss) as moot, to remand the case to the Lake County Superior Court, and to close the case.

**IT IS SO ORDERED**.

Dated: January 24, 2012

NANDOR J. VADAS
United States Magistrate Judge

2

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| GINN DOOSE,<br><br>        Plaintiff,<br><br>v.<br><br>WAL-MART STORES, INC.,<br><br>        Defendant.                    / | No. 1:11-CV-1882 NJV<br><br>**CERTIFICATE OF SERVICE** |

     I, the undersigned, hereby certify that I am an employee in the U.S. District Court, Northern District of California.  On the below date, I served a true and correct copy of the attached, by placing said copy/copies in a postage-paid envelope addressed to the persons listed below, by depositing said envelope in the U.S. Mail; or by placing said copy/copies into an inter-office delivery receptacle located in the Office of the Clerk.

Ginn Doose
P.O. Box 2310
Clearlake, CA 95422

Dated:  January 24, 2012

                                   /s/  *France Jaffe*
                                       France Jaffe
                                       Law Clerk to the
                                     Honorable Nandor J. Vadas